

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

No. 02-19-00478-CR

EX PARTE CEDRIC RICHARDSON

---

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1503620D

---

## ORDER

Exhibits to the reporter's record must be filed electronically via the TAMES web portal as mandated by appendix C to the Texas Rules of Appellate Procedure and by the Uniform Format Manual for Texas Reporters' Records. It is not the responsibility of the appellate court to prepare and file the reporter's record. That is the responsibility, and obligation, of the court reporter. *See* Tex. R. App. P. 35.3(b).

After Andrea L. Reed, official court reporter for Criminal District Court No. 1, certified to this court that she was unable to convert several exhibits "into a format and/or size compatible with the requirements of the TAMES portal," we ordered the

trial court clerk to deliver the original exhibits to the court.[1] We reviewed the exhibits and determined that all but one of them could be uploaded via the TAMES records submission portal (RSP). Accordingly, we returned the exhibits that could be uploaded electronically to the trial court clerk and ordered Andrea L. Reed to upload them to the TAMES RSP in compliance with the applicable rules.

Andrea L. Reed uploaded all those exhibits but one, State's Exhibit 187, to the TAMES RSP. On February 2, 2021, she certified that she had been unable to convert State's Exhibit 187, stating, "Diligent attempts have been made to convert this exhibit, and it just cannot be done on my end. The original is on file with the Tarrant County Clerk's Office." After receiving this certification, we again reviewed the original State's Exhibit 187 and again determined that it could be uploaded via the TAMES RSP—this court's staff actually converted the exhibit to a format supported by VLC media player and confirmed that it could be successfully uploaded to the TAMES RSP.

---

[1]Dealing with original exhibits impedes not only this court's operations but also those of the Court of Criminal Appeals when the clerk of this court must send the record to the Court of Criminal Appeals upon the filing of a petition for discretionary review. *See* Tex. R. App. P. 68.7. When the entire record is not filed electronically, the court of appeals must maintain and send original exhibits to the Court of Criminal Appeals separate and apart from the remaining electronic portion of the record, thus increasing the workload and organizational burden on both courts. Furthermore, the requirement that an original document be delivered to the court of appeals when an electronic copy of that document could have been uploaded adds unnecessary risk that the original document could be lost or misplaced in transit or during the appellate process.

It is not sufficient for a court reporter to claim summarily that filing an exhibit electronically "just cannot be done" when the contrary is actually true: converting and uploading State's Exhibit 187 to the RSP have in fact been accomplished by this court's staff. If the court reporter believes that electronically filing State's Exhibit 187 "just cannot be done," the court reporter either does not have sufficient equipment, or has not acquired sufficient knowledge, to file the exhibit in accordance with the rules. But the responsibility for obtaining the appropriate equipment and knowledge to file the reporter's record electronically, as required by appendix C to the Texas Rules of Appellate Procedure and the Uniform Format Manual for Texas Reporters' Records, lies with the court reporter. It is not this court's obligation to prepare and upload the record, including exhibits, for the court reporter.[2]

Accordingly, it is **ORDERED** that court reporter Andrea L. Reed upload State's Exhibit 187 in an electronic format to the TAMES RSP in compliance with the applicable rules on or before **5:00 p.m. on Friday, March 5, 2021**. **NO EXTENSION OF TIME WILL BE GRANTED**. If the exhibit is not filed by the deadline, court reporter Andrea L. Reed may be required to show cause why she should not be held in contempt of court for failing to file the complete, compliant reporter's record in a timely manner.

---

[2]This court's staff is willing to share technical knowledge with court reporters about the methods of converting exhibits to an electronic format that conforms to the size and format requirements of the TAMES RSP, but the responsibility and obligation of uploading the reporter's record to the TAMES RSP remains with the court reporter.

We direct the clerk of this court to send a copy of this order to court reporter Andrea L. Reed via commercial delivery service and electronic mail; the attorneys of record; the trial court judge; and the trial court clerk.

Dated February 26, 2021.

Per Curiam